**FEDERAL INSURANCE COMPANY, Plaintiff–Appellant, Cross–Appellee,**

v.

**ARTHUR ANDERSEN LLP and Larry J. Gorrell, Defendants–Appellees, Cross–Appellants.**

**Nos. 07–1245, 07–1464.**

United States Court of Appeals, Seventh Circuit.

May 23, 2008.

Jonathan A. Constine, Hogan & Hartson, Washington, DC, James H. Kallianis, Meckler, Bulger & Tilson, Chicago, IL, for Plaintiff–Appellant and Cross–Appellee.

Alan J. Martin, Barnes & Thornburg, Chicago, IL, for Defendants–Appellees and Cross–Appellants.

Before FRANK H. EASTERBROOK, Chief Judge, WILLIAM J. BAUER, Circuit Judge and DIANE P. WOOD, Circuit Judge.

## Order

The last paragraph of our opinion reads: "The judgment is affirmed, except with respect to the *Waters* plaintiffs. With respect to those retirees it is reversed." Federal Insurance has filed a petition for rehearing, arguing that the court should have reversed not only with respect to the *Waters* plaintiffs, but also with respect to the *Viets, Connolly,* and *Small* plaintiffs.

The only basis for this argument is the statement at page 5 of the slip opinion that the court takes up the *Waters* claims first, "because if Federal Insurance prevails on that claim it wins everything else too." That statement was imprecise. We probably should have said: "if Federal Insurance prevails on that claim it wins everything covered by Arthur Andersen's cross-appeal as well." That's why we did not separately discuss the cross-appeal.

The *Viets, Connolly,* and *Small* claims present a distinct question, because Federal Insurance agreed to defend Arthur Andersen against those claims and actually reimbursed approximately $720,000 of the defense costs on those cases. Given *General Agents Insurance Co. v. Midwest Sporting Goods Co.*, 215 Ill.2d 146, 293 Ill.Dec. 594, 828 N.E.2d 1092 (2005), our decision that these claims were outside the policy's coverage does not entitle Federal Insurance to recoup those outlays.

Because *Midwest Sporting Goods* dealt only with recoupment, there might have been some room for an argument that Federal Insurance need not pay Arthur Andersen's costs of defending those proceedings to the extent that they exceed

$720,000. But Federal Insurance did not advance that argument—not in its briefs on the merits, and not in its petition for rehearing—so we need not consider the possibility.

The petitions for rehearing filed by both Arthur Andersen and Federal Insurance are denied. No judge has asked for a response to Arthur Andersen's petition for rehearing en banc, which is denied. Circuit Judges Flaum, Ripple, Rovner, Williams, and Tinder did not participate in the consideration or decision of this case.